1817.

LYMAN
v.
SALE.

arose, respecting the propriety of selling the *whole or only a part of the premises, to the end that directions might thereupon be given. And, with respect to the *interest* and principal to grow due, and payable thereafter, the following order was entered :

"And, inasmuch as it appears by the bill, and the said master's report, that the said mortgage is to secure the principal sum of 3,000 dollars, which is not yet payable, and the interest thereof, which is payable, annually, on every first day of *April*, and that, therefore, interest will become payable to the plaintiffs hereafter, as well as the said principal sum which ought to be raised out of the said mortgaged premises, by future sales thereof, in case the whole of the said premises shall not be sold under the foregoing order of sale : it is, therefore, further *ordered*, that the plaintiffs shall be at liberty hereafter, and from time to time, as the said annual interest shall become payable, or when the said principal sum shall become due, to go before a master upon the foot of this decree, and obtain a report as to the sum then due and payable, to the end that such report being made to this Court, an order may thereupon be made, for a further sale of the residue of the mortgaged premises, or parts thereof, to satisfy what shall so be reported due, with the costs attending such report and sale." (*a*)

(*a*) Vide *Marshall* v. *Thompson*, (2 *Munford's Rep.* 412.) where a similar order was granted in chancery, in respect to the future arrears of an annuity.

## LYMAN *against* SALE and others.

June 17th.

[ * 488 ]

A LIKE decree was made in this case, in which the mortgage was to secure the payment of four several bonds, some of which were not yet due; but as the payment of the *second bond would become due before the period of *six weeks*, for advertising under the decree, would elapse, the payment of that bond was included in the order of sale.

376